AURELIO RAMÍREZ RAMÍREZ, Plaintiff and Appellee, *v.* MUNICIPALITY OF LAJAS, ETC., Defendant and Appellant.

No. 9501.—Argued November 3, 1947.—Decided November 17, 1947.

694

*José Rafael Gelpí* for appellant. *Enrique Báez García* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

In 1945 the plaintiff sued the Municipality of Lajas, represented by its Mayor, in the district court for collection of money. He alleged that in 1940 he was elected Mayor for four years; that while serving as Mayor he was suspended on November 10, 1943 by the Municipal Assembly from employment and salary; that this suspension lasted until his term expired, when the present Mayor took office; that he was never legally removed from office; that he did not receive his monthly salary of $110, which was duly consigned in the Municipal budgets for 1943–44 and 1944–45, during his period of suspension from November 1, 1943 until January 7, 1945. Accordingly, he prayed for a judgment of $1,565.62.

The Municipality by its attorney filed a motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Counsel for the plaintiff appeared at the hearing on this motion, but counsel for the Municipality did not appear, although he had been notified. The district court overruled the motion stating in part that "the defendant has given no reasoning or statement of motives showing that the complaint is fundamentally defective or that it fails to state facts constituting a cause of action . . ." The defendant was notified of this order, but failed to answer. On motion of the plaintiff, judgment by default for $1,565.62 was entered against the Municipality.

Thereafter, a new attorney filed his appearance for the Municipality in which he stated that there had been a misunderstanding between the Municipality and its previous attorney. The latter had been under the impression that his representation of the Municipality did not include rendition of services in this case. The new attorney then filed a notice of appeal to this Court from the judgment.

 The first error assigned is that the lower court erred in entering judgment by default against the Municipality. This contention is well founded, in view of the language of Rule 55(e) of the Rules of Civil Procedure, reading as follows:

"No judgment by default shall be entered against The People of Puerto Rico or any officer or agency thereof or body politic, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

As a municipality is a body politic and as no evidence was taken to establish the claim of the plaintiff, the judgment must be reversed and the case remanded. See 3 Moore's Federal Practice, § 55.05, pp. 3169–70.

 The defendant also assigns as a second error the action of the lower court in overruling the motion of the Municipality to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. But the lower court was never given the opportunity to consider the arguments which the new attorney for the Municipality now presses on us in support of this motion, as the previous attorney for the Municipality failed to appear at the hearing thereon. In addition, even assuming we agreed with the arguments advanced by the Municipality, the plaintiff might conceivably be permitted to amend his complaint to meet these arguments. That, of course, must be done in the district court, and not in this Court.

On remand, the Municipality will be able to renew its motion to dismiss in the lower court. And the plaintiff-appellee, who has filed no brief in this Court, will also have an opportunity to be heard thereon.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.